UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ARTY EDWIN HEISTAND,

    Petitioner

v.                                         Case number 5:04-cv-10-Oc-10GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

## **ORDER DENYING PETITION**

Petitioner, *pro se*, initiated this action pursuant to a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 on January 5, 2004. (Doc. 1). Petitioner challenges his 2000 convictions of perjury from the Circuit Court in and for Sumter County, Florida. The Petition, the Response to the Petition and the record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

### **Convictions and Sentences**

On October 7, 1999, the Assistant State Attorney charged Petitioner by information with two counts of perjury.[1] These perjury charges were made as a result of Petitioner's testimony at his pretrial hearing on burglary charges and his

---

[1] Doc. 8, App. A.

testimony at the trial of his co-defendant.[2] On April 6, 2000, Petitioner was convicted in a jury trial of both perjury counts and the state court sentenced him to five-year prison terms, concurrent with each other but consecutive to his sentences for other crimes he for which he was already convicted.[3] Petitioner appealed his convictions and on May 5, 2001, the Fifth District Court of Appeal affirmed Petitioner's convictions and sentences, *per curiam*. Mandate issued on June 15, 2001.[4]

On April 30, 2002, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850.[5] On July 31, 2003, the trial court denied Petitioner's motion.[6] Petitioner appealed and on December 2, 2003, the Fifth District Court of Appeal affirmed the denial of Petitioner's motion for post-conviction relief.[7] Mandate issued on December 17, 2003.[8] On December 15, 2003, Petitioner filed a motion for rehearing, which was denied on January 15, 2004.[9]

Petitioner filed the instant habeas Petition on January 8, 2004 (Doc. 1), in which he raises the following grounds for relief:   (Doc. 1).

---

[2]Doc. 8, App. E.

[3]Doc. 8, App. B, C..

[4]Doc. 8, App. D-I.

[5]Doc. 8, App. J.

[6]Doc. 8, App. K.

[7]Doc. 8, App. L-N.

[8]Doc. 8, App. Q.

[9]Doc. 8, App. O-P.

1. Petitioner claims counsel was ineffective for not investigating or interviewing a doctor and subpoena him to testify that Petitioner was prescribed and medicated with psychotropic medication.

2. Petitioner claims counsel was ineffective for failing to take depositions from state's witnesses who may have had information relevant to the defense.

3. Petitioner claims counsel was ineffective in failing to object to specific portions of the record being read and introduced into evidence from prior proceedings which mentioned that Petitioner had pled guilty to burglary.

4. Petitioner claims judicial error when the trial court allowed the State to use statements made from a Petitioner's plea colloquy on his burglary charges.

## Timeliness of Petition

Respondents concede that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1).[10]

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[11]

This means that "a state prisoner seeking federal habeas corpus relief, who

---

[10] Respondents' Response to Petition (Doc. 7) at pg. 5.

[11] Upshaw v. Singletary, 70 F.3d 576, 578-79 (11th Cir. 1995) (citations omitted).

fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[12] Petitioners' *pro se* status does not alone amount to good cause.[13]

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[14] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1). Moreover, each clause ("contrary to" and "unreasonable application") provides a separate basis for review.[15]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court

---

[12] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (*citing* Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

[13] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir.).

[14] See Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

[15] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

proceeding.[16]  The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.  See § 2254(e)(1).  This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[17]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.[18]

## Merits of Claims

### Claims One-Three

Petitioner's first three claims all relate to ineffective assistance of counsel.  In his first claim, Petitioner asserts counsel was ineffective for not investigating or interviewing a doctor and subpoena him to testify that Petitioner was prescribed and medicated with psychotropic medication.[19]  In denying the claim, the trial court

---

[16] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[17] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[18] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002

[19] Respondents maintain that Petitioner's first claim is not exhausted because although Petitioner raised a similar claim in his Rule. 3.850 motion, Petitioner has not presented the exact claim he now presents in the instant habeas petition. In his motion to clarify claims (Doc. 9), Petitioner states that he intended to raise the same claim regarding the psychotropic medication as he raised in his Rule 3.850 motion in the state courts. It is not necessary that Petitioner present "a verbatim restatement of the claims brought in state court." McNair v. Campbell, 416 F. 3d 1291, 1302 (11th Cir. 2005). . Even if, as Respondent contends, ground one

stated:

> In Ground Five, Heistand attempts to argue that his mental condition played a role in his perjury trial and claims that he advised his trial counsel who in turn told him it would have no relevance on the case. Heistand then proceeds to argue that he was on medication when he initially gave his testimony and entered his plea on September 13, 1999 and October 5, 1999, respectively and that this medication in Heistand's words, "altered his ability to clearly understand the charges against him and that his mental condition rendered him unable to comprehend the nature and consequences of anything said at his plea and testimony."
>
> Curiously, Heistand offers no explanation as to why he failed to challenge his plea is Sumter County Cases: 1998-543-CF and 1998-544-CF on these grounds.
>
> Moreover a review of the transcripts of both the September 13th and October 5th hearings establishes that Heistand was cogent and aware of the nature of the proceedings.
>
> . . . .
>
> Heistand also fails to disclose in his petition for post-conviction relief that he reviewed and signed a plea agreement that included questions regarding whether he was under the influence of any medication or had some form of mental impairment. The only notation was that Heistand was taking, "Prescription Med for Anxiety."
>
> During the October 4, 1999 [hearing], the court after advising him of the rights he was foregoing, asked Heistand if he wanted to say anything. Heistand responded as follows:
>
> THE DEFENDANT: Yeah. I'd like to ask one question, your Honor. I just really don't understand how come the State would offer my co-defendant such a low plea bargain and come at me with such a high plea bargain, when he was such a –
> THE COURT: Sir, they have that–
> THE DEFENDANT: –larger record than I do.

---

is not exhausted, this Court has the authority to entertain and deny a claim on the merits notwithstanding the failure to exhaust. See 28 U.S.C. §2254(b)(2).

Once again, Heistand demonstrated his ability to speak up for himself, but he did not mention any concerns relating to his mental health.

Moreover, the testimony Heistand gave at the trial of his co-defendant, Paul Wilson, on October 5, 1999, the day after he entered he plea, clearly shows that Heistand was articulate, rational, able to recall details, and had an appreciation of his circumstances.

It is very evident from the foregoing and other similar exchanges found *in passism* in the transcripts of the hearings at issue, that Heistand was competent and could clearly express his concerns relating to the proceedings. Conspicuously absent in the transcripts is any statement or complaint by Heistand that calls into question his mental health or medication. Indeed, in light of the statements he made and his responses to questions at both hearings, Heistand's present claims relating to mental health issues appear to have been contrived after the fact.

This conclusion is further buttressed by the inmate patient records that Heistand has provided as a supplement to his petition. Notably, there is not a single reference in his patient chronology which began on December 7, 1998 and continued until his transfer to the Department of Corrections on May 8, 2000, that establishes that Heistand's mental capacity was ever diminished or that his competency was ever in question.
Under these circumstances Heistand's trial attorney for the perjury charges appears to have ample reason for not advancing a position that was completely refuted by the record.

The Florida Supreme Court has recently reiterated the showing necessary to prevail on a claim of ineffective assistance of counsel in the case of Gore v. State, 846 So. 2d 461 (Fla. 2003). In Gore, the Court held:

> To establish a claim that defense counsel was ineffective, a defendant must establish deficient performance and prejudice, as set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Rutherford v. State, 727 So.2d 216, 218 (Fla. 1998). As to the first prong, deficient performance, a defendant must establish conduct on the part of counsel that is outside the broad range of competent performance under prevailing professional standards. See Strickland, 466 U.S. at 688. Second, as to the prejudice prong, the deficient performance must be shown to have so affected the fairness and reliability of the proceedings that confidence in the outcome is undermined. See id. at 694; Rutherford 727 So. 2d at 220. Further when it is clear that

> the defendant cannot establish prejudice under the second prong of <u>Strickland</u>, the deficient prong need not be evaluated.
>
> The Florida Supreme Court has also determined that in order to establish the prejudice prong of <u>Strickland</u>, that, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Gorby v. State</u>, 819 So. 2d 664, 674 (Fla. 2002).
>
> The evidence against Heistand is overwhelming and his claim that an individual name "Steve Bronson" and not Paul Wilson participated in the crimes when weighed against the testimony of the witnesses is incredible.
>
> There is no "reasonable probability" that the outcome would have been different.

(Doc. 8, App. K, pg. 9-13)(trial transcript citations omitted).

In Petitioner's second claim, he asserts counsel was ineffective for failing to take depositions from state's witnesses who may have had information relevant to the defense.  With regards to the claim, the trial court stated:

> The witnesses who testified at [co-defendant's] trial about identifying [co-defendant] at the scene of one of the burglaries and at the crash site, were the same as those who testified at Heistand's perjury trial.
>
> A review of the records also reflects that depositions had been set or had been taken in Heistand's burglary cases of the following: Detective Richard Vaughn of the Sumter County Sheriff's Office; Deputy Tony Prevatt, Sumter County Sheriff's Office; Charles Jett; and Dana Ives.
>
> All of the depositions were transcribed.  Also, original transcriptions of the depositions of Detective Vaughn and Deputy Prevatt were filed in the defendant's cases.
>
> The defendant has failed to reveal this in his motion for post-conviction relief.
>
> Heistand's attorney at his perjury trial, Felix Adams, had all of the above referenced discovery materials to assist him, as well as the trial transcript from

>Wilson's trial with the testimony of every relevant witness and Heistand.  In fact, the transcript of Heistand's perjury trial reflects that Adams used the transcript from Paul Wilson's trial and the deposition transcript of Deputy Prevatt during cross-examination.
>
>The record establishes that Heistand's claim on this issue is baseless.

(Doc. 8, App. K, pg. 4-5 (internal citations omitted)).

Petitioner's third claim is that counsel was ineffective in failing to object to specific portions of the record being read and introduced into evidence from prior proceedings which mentioned that Petitioner had pled guilty to burglary.  With regards to the claim, the trial court stated:

>[T]he defendant alleges that his trial attorney was ineffective when he failed to object to specific portions of the record being read and introduced into evidence. In particular, Heistand contends it was improper for any reference to be made to his guilty plea or conviction of burglary.
>
>While citing several instances alleging prosecutorial misconduct for disclosing his earlier conviction, Heistand has chosen not to disclose that in his testimony on behalf of Paul Wilson, he readily admitted to the burglaries as well as the motivation behind them.

(Doc. 8, App. K, pg. 6).

The trial court then summarized the direct examination between the public defender and Petitioner which illustrated Petitioner "self-acknowledged guilt was inextricably interwoven into his testimony and was apparently calculated to bolster his credibility with the jury in order to persuade the jury that his story about the non-existent accomplice was true."  (Doc. 8, App. K, pg. 7).

This Court must evaluate the state court's adjudication of these claims pursuant to § 2254(d).  First, this Court must identify the clearly established federal law with respect to this claim.  "[I]n the habeas context, clearly established federal

law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'" Maharaj v. Sec'y for Dep't Corr., 432 F. 3d 1292, 1308 (11th Cir. 2005)(*quoting* Williams v. Taylor, 529 U.S. 362, 412 (2001)). "The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (*per curiam*)(citations omitted).

Under Strickland v. Washington, 466 U.S. 668 (1984), Petitioner is entitled to habeas relief when counsel's performance falls below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceedings would have been different. Id. at 687. Further, in reviewing counsel's performance, the inquiry is whether counsel made a reasonable decision under prevailing professional norms and the court should presume effectiveness. Id. at 690.

Upon an independent review of the record, the state court's adjudication of Petitioner's claims was not contrary to clearly established federal law as the state court specifically cited Strickland as the appropriate standard for reviewing Petitioner's ineffective assistance of counsel claims. Additionally, this Court does not believe that the state court's adjudication of the claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light

of the evidence presented in the state court proceedings.

As noted by the state court, Petitioner's claims are clearly refuted by the record and are without merit. Accordingly, Petitioner has failed to establish that he is entitled to federal habeas relief on these claims and grounds one, two, and three, are due to be denied.

### Claim Four

Finally, Petitioner asserts the trial court erred in allowing statements he made in his plea colloquy on the burglary to be used against him, in violation of a state procedural rule. Claims of judicial errors should have been raised on direct appeal. Even assuming *arguendo* that Petitioner properly exhausted this claim, Petitioner does not raise an issue of Constitutional error.[20]

### Conclusion

For the reasons set forth herein, the Petition is **DENIED with prejudice.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, this 5th day of April 2007.

UNITED STATES DISTRICT JUDGE

c:
  Arty Edwin Heistand
  Counsel of Record

---

[20] See 28 U.S.C. § 2254(a); Coleman v. Thompson, 501 U.S. 722, 730 (1991).